**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JULIE RAMIREZ, | No. 10-36166 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-00684-KI |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Garr M. King, District Judge, Presiding

Submitted December 9, 2011[**]
Seattle, Washington

Before: GUY,[***] McKEOWN, and TALLMAN, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Ralph B. Guy, Jr., Senior Circuit Judge for the Sixth Circuit, sitting by designation.

Plaintiff Julie Ramirez appeals the district court's judgment affirming the denial of her application for social security disability benefits under Title II of the Social Security Act. The district court's judgment is reviewed de novo, and the court "'may set aside a denial of benefits only if it is not supported by substantial evidence or is based on legal error.'" Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1222 (9th Cir. 2009) (citation omitted); see also Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). We affirm.

The ALJ concluded, after remand, that through the date last insured plaintiff had a combination of impairments that was severe, including: fibromyalgia, asthma, residuals of spinal surgery, obesity, sleep disorder, and depression. Taking the impairments that were found to be severe and the resulting limitations, the ALJ concluded that plaintiff had a residual functional capacity to perform light work, except climbing, balancing, stooping, kneeling, crouching, and crawling were limited to an occasional basis, with a "sit/stand option." Also, plaintiff was capable of understanding, remembering, and carrying out both simple and detailed tasks on a sustained basis. The administrative record in this case, although lengthy, is not disputed and the district court opinion has provided a chronology of the evidence that need not be repeated. Further, the administrative record was not ambiguous or inadequate to allow for proper evaluation of the alleged disability from the onset date

in October 2002 through the date last insured in December 2007. See Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001).

First, the ALJ did not err in rejecting the medical opinion of JaNahn Scalapino, M.D., regarding plaintiff's claims of disabling bilateral hand impairment because it was not supported by objective medical findings, was contradicted by the opinion of Ronald Wolfson, M.D., and was inconsistent with the observations of psychological examiner Michelle Whitehead, Ph.D. Likewise, the ALJ did not err in rejecting the assessment of examining physician John Kofoed, M.D., who noted that there were no objective factors of disability and only subjective factors of "slight intermittent bilateral hand pain, occasionally becoming moderate with increased use." The ALJ provided specific and legitimate reasons for discounting the opinions of Drs. Scalapino and Kofoed concerning the alleged bilateral hand impairment. See Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). Further, the ALJ's assessment of plaintiff's physical impairments through the date last insured—including the unchallenged adverse credibility determination—was supported by substantial evidence on the record as a whole. Bray, 554 F.3d at 1226-27; Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004).

Second, contrary to plaintiff's argument, there was substantial evidence in the record to support the ALJ's conclusion that aggravation of plaintiff's preexisting

mood disorder arose in connection with the commission of the felony for which she pleaded guilty. See 20 C.F.R. § 404.1506; SSR 83-21. Evidence from plaintiff's treating physician, William Klas, M.D., reflected treatment for mood disorder as early as March 2001, resolution in June 2001, and returning symptoms days after being arrested in August 2001. In May 2002, plaintiff reported to Dr. Klas that she had entered a guilty plea and had depression over the last nine months secondary to the arrest and resulting threat of job loss. Moreover, even if the period of aggravation is not disregarded, the ALJ did not err in finding that plaintiff's mental impairment was fairly well controlled by medication or in relying on the state agency's assessment that plaintiff's psychological condition created only mild restriction of activities of daily living, mild difficulties in social functioning, and no episodes of decomposition.

Finally, as the district court fully explained, the ALJ made adequate findings regarding the transferability of skills from past relevant work as required by Social Security Ruling (SSR) 82-41. Cf. Bray, 554 F.3d at 1223-25. Further, despite the ALJ's lack of explanation for not relying on the testimony of the unavailable vocational expert from the first hearing, the ALJ properly relied on the vocational expert's testimony at the second hearing concerning plaintiff's past relevant work, the transferability of skills to the semiskilled position of "information clerk," and her ability to perform unskilled work as an "interviewer." Nor did the vocational expert's

testimony about "basic interviewing skills" create a conflict the resolution of which was required to support the ALJ's determination that plaintiff could perform alternate work.  See Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995).

**AFFIRMED.**